UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NATHANIEL SIMS,                                    :
        Plaintiff,                                     :
                                                            :  **MEMORANDUM DECISION**
v.                                                 :
                                                            :  7:10-cv-4765 (VB)
DETECTIVE FARRELLY, P.O. JOHN DOE,                 :
DR. GOLDFARB, DR. SHEIKH, DR. DAVID                :
WILEY, MYRTHO GARDINER, DR. LEBRON,                :
NURSE ASSISTANT GREER, SOCIAL                      :
WORKER STANLEY, and CHARLES CARROL,                :
        Defendants.                                    :
------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Nathaniel Sims, proceeding pro se, has filed three separate complaints which relate to his arrest in April 2010 (addressed in Docs. #2, 6), his treatment in July 2010 at a Veterans Administration hospital (Doc. #6), and his treatment at a different Veterans Administration hospital and at St. John's Hospital (Doc. #9). In his answer (Doc. #39), defendant Detective Farrelly asserted a cross-claim against his co-defendants.[1] Defendants Dr. Warren Goldfarb and Dr. Iqbal Sheikh have filed a motion to dismiss (Doc. #47) Farrelly's cross-claim against them. For the reasons which follow, the Court grants the motion.

## BACKGROUND

       For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaints and Farrelly's answer as true. The Court will only address those allegations that

---

[1] By letter to Farrelly dated May 16, 2011 (Doc. #51), Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting in this Court by designation, noted that the answer and cross-claim had not been properly docketed and instructed Farrelly to properly file them electronically. Farrelly did so on May 24 (Doc. #52).

relate to the pending motion.

Detective Farrelly is a member of the White Plains Police Department who was involved in plaintiff's April 2010 arrest. Defendants Goldfarb and Sheikh are doctors at the Veterans Administration Hospital in Montrose, New York who treated plaintiff in July 2010. Plaintiff alleges they denied him appropriate medical care. By memorandum and order dated April 4, 2011 (Docs. #40, 41), the Court dismissed all claims against defendants Goldfarb and Sheikh as barred by 38 U.S.C. §511(a).

In his answer, Farrelly asserts a cross-claim as follows:

> That if plaintiff was caused to sustain damages at the time and place set forth in plaintiff's *Second* Amended Complaint due to the carelessness, recklessness, negligence, and/or breach of warranty other than plaintiff's own carelessness, recklessness, and negligence, said damages were sustained by reason of the carelessness, recklessness, negligence and/or acts of omission or commission and/or breach of warranty, and/or breach of contract, and/or breach of hold harmless or indemnification agreement by co-defendants named in this action, their agents, servants and/or employees.
>
> And if any judgment is recovered herein by plaintiff against these defendants, it will be responsible therefore in whole or in part. (These defendants beg leave to refer to the full terms of said agreements at the time of trial.)
>
> That by reason of the foregoing, co-defendants named herein will be liable to this defendant in the event and in the full amount of any recovery had herein by the plaintiff or for that proportion thereof caused by the relative responsibility of each of the co-defendants herein, and the said co-defendants will be bound to pay any and all fees and disbursements. (italics in original)

Movants challenge this cross-claim.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."

Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The cross-claim must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleader is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the co-defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Movants seek dismissal of the cross-claim on the grounds that Farrelly has failed to assert any facts that would hold them liable to plaintiff or any facts that would connect movants allegedly-deficient medical care to Farrelly's alleged arrest. Farrelly has not filed opposition to movants' motion. In his answer, Farrelly identifies no indemnification or hold-harmless agreement that would create liability against movants for Farrelly's conduct.

Farrelly's conclusory allegations are insufficient to support a cross-claim under Iqbal. See Iqbal, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The absence of factual allegations connecting the two torts alleged by plaintiff is fatal to the cross-claims against movants. See Energy Brands, Inc. v. Jorgensen, 2011 U.S. Dist. LEXIS 6937, at *23 (W.D.N.Y. Jan. 24, 2011) ("Such bare bones conclusory allegations of liability [on a cross-claim] are insufficient to meet Rule 8 pleading requirements post-Iqbal."). Therefore, dismissal is warranted under Rule 8 and Iqbal.

Dismissal of the cross-claim is similarly warranted for the reasons expressed by the Court in Judge Motz's decision and order dated April 4, 2011.

Accordingly, the Court dismisses the cross-claims as to movants. The Court grants dismissal without prejudice to Farrelly repleading his cross-claim no later than September 30, 2011.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants Goldfarb and Sheikh's motion (Doc. #47) to dismiss the cross-claim.

The Clerk is instructed to terminate this motion.

Dated: September 23, 2011
       White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

4